UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

ANWAR SAOUI

        Plaintiff,
-v-                                                      **COMPLAINT**

THE CITY OF NEW YORK,                       **JURY TRIAL DEMANDED**
POLICE OFFICER JOHN DOE,

                                                               24-cv-7472

        Defendants.
----------------------------------------------------------X

        Anwar Saoui ("Plaintiff"), by and through his counsel, Cody Warner, P.C., states and alleges as follows against The City of New York ("Defendant City") and Police Officer John Doe ("Defendant Doe"):

## PRELIMINARY STATEMENT

        1.        This is a civil rights action in which Plaintiff asserts constitutional claims of excessive force and violation of substantive due process against Defendant Doe pursuant to 42 U.S.C. § 1983. Plaintiff also asserts analogous claims under New York State Law against Defendant Doe and against the City of New York under the doctrine of *respondeat superior*.

        2.        Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and further relief as the Court deems just and proper.

## JURISDICTION

        3.        The federal claim in this action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

1

Jurisdiction for the federal claim is conferred upon this court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4).

4. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claim and cause of action.

## JURY TRIAL DEMANDED

5. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury for all the claims as pleaded herein.

## VENUE

6. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this complaint occurred within this district.

## PARTIES

7. Plaintiff is a resident of Queens County, NY.

8. Defendant Doe is and was at all times relevant herein employed as a traffic enforcement agent for the New York City Police Department ("NYPD"). Defendant's real last name is Lewis, and his badge number is #3220.

9. Defendant Doe is sued in his individual and official capacities. At all times mentioned herein, Defendant Doe acted under the color of state law, in the capacity of an officer, employee, and agent of Defendant City of New York ("Defendant City").

10. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

11. Plaintiff served a Notice of Claim on Defendant City on June 4, 2024, a date within ninety days of the incident. The City of New York conducted a General Municipal Law 50-h hearing on August 27, 2024.

12. This action is commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

13. During the early evening of May 22, 2024, Plaintiff was a passenger in a vehicle (hereinafter referred to as "Plaintiff's vehicle") that was traveling in Manhattan towards the Holland Tunnel.

14. At the entrance to the Holland Tunnel located at the intersection of Watts Street and Varick Street, Defendant Doe stood in the middle of the street to block traffic and directed Plaintiff's vehicle and another vehicle (hereinafter referred to as the "other vehicle") to not enter the tunnel.

15. Plaintiff and others in Plaintiff's vehicle spoke with Defendant Doe to inquire about why they could not enter the tunnel.

16. The driver of the other vehicle exited his vehicle and argued with Defendant Doe.

17. People in vehicles behind Plaintiff's vehicle and the other vehicle got out of their vehicles to inquire about why traffic was stopped.

18. Plaintiff and others in his vehicle also exited their vehicle to speak with Defendant Doe.

19. Defendant Doe was very agitated and cursed at everyone, using derogatory words.

20. A police officer of the Port Authority Of New York and New Jersey Police Department (hereinafter referred to as the "Port Authority officer") approached the scene and told Defendant Doe that he could not stop traffic.

21. The Port Authority officer directed all the civilians to get back inside their vehicles.

22. Plaintiff and the other civilians returned to their vehicles.

23. Defendant Doe walked towards the other vehicle and spit on the driver of the other vehicle.

24. The driver of the other vehicle told the Port Authority officer that Defendant Doe spit on him.

25. Plaintiff observed something come out of Defendant Doe's mouth that could have been spit, so he exited his vehicle to tell the Port Authority officer what he observed.

26. When Plaintiff exited his vehicle, Defendant Doe was outside of the vehicle shouting vulgarities towards Plaintiff.

27. Defendant Doe approached Plaintiff, screamed, "why did you get out of the car," and then forcefully pushed Plaintiff.

28. Plaintiff and Defendant Doe briefly tussled.

29. Defendant Doe then wielded his radio and used it as a weapon to strike Plaintiff on his abdomen and the top of his head, resulting in a gash to Plaintiff's head.

30. The Port Authority officer separated Plaintiff and Defendant Doe.

31. Blood began to pour down Plaintiff's face from the wound on his head.

32. Defendant was placed in an ambulance and transported to New York Presbyterian Hospital.

33. Plaintiff became very dizzy, developed a severe migraine, and his vision became blurry.

34. At New York Presbyterian Hospital, the medical staff stapled the gash on Plaintiff's head, gave him pain medication and instructions for handling concussions, and then discharged him.

35. Plaintiff was not arrested or charged with any offenses.

36. Ten days later, Plaintiff went to urgent care to remove the staples from his head and receive a prescription for medication to help reduce his severe migraines.

37. Plaintiff still suffers from daily migraines and abdominal pain.

38. As a direct and proximate result of the said acts of the Defendants, Plaintiff sustained the following injuries and damages:

  a. Deprivation of his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

  b. Deprivation of his rights under the laws and Constitution of the State of New York;

  c. Lost wages;

  d. Emotional distress, degradation and suffering;

  e. Physical pain and suffering.

## CAUSES OF ACTION

### FIRST CLAIM

### Excessive Force Under 42 U.S.C. Section 1983

39. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

40. By the actions described, Defendant Doe deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from excessive and unreasonable force.

### SECOND CLAIM

### Substantive Due Process Violation Under 42 U.S.C. Section 1983

41. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

42. By the actions described above, Defendant Doe deprived Plaintiff of his Fifth and Fourteenth Amendment rights to substantive due process.

43. As detailed above, Defendant Doe intentionally subjected Plaintiff to conduct so egregious and outrageous that it may fairly be said to shock the contemporary conscience.

44. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

### Assault Under New York State Law

45. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

46. By the actions described, Defendant Doe placed Plaintiff in apprehension of imminent and harmful offensive bodily contact.

47. Defendant City, as employer of Defendant Doe, is responsible for the wrongdoing under the doctrine of *respondeat superior*.

48. As a direct a proximate result of the aforementioned conduct, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Battery Under N.Y. State Law

49. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

50. As detailed above, Defendant Doe intentionally touched Plaintiff in an offensive and harmful manner, and he intentionally subjected him to offensive and harmful contact.

51. Defendant City, as employer of Defendant Doe, is responsible for the wrongdoing under the doctrine of *respondeat superior*.

52. As a direct a proximate result of the aforementioned conduct, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Negligent Hiring, Retention and Supervision Under New York State Law Against Defendant City

53. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if fully stated herein.

54. Defendant City owed a duty of care to Plaintiff to adequately hire, retain, and supervise its employees, the individual defendants.

55. Defendant City breached that duty of care.

56. Defendant City placed Defendant Doe in a position where he could inflict foreseeable harm.

57. Defendant City knew or should have known of Defendant Doe's propensities for violating the individual rights granted under the United States Constitution and the laws of the State of New York, prior to the injuries incurred by Plaintiff.

58. Defendant City failed to take reasonable measures in hiring, retaining and supervising Defendant Doe that would have prevented the aforesaid injuries to Plaintiff.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief jointly and severally against the Defendants:

 a. An order awarding compensatory damages for Plaintiff in an amount to be determined at trial;

 b. An order awarding punitive damages in an amount to be determined at trial;

 c. A court order pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

 d. Such other and further relief as this Court may deem appropriate.


DATED:   September 23, 2024
         New York, New York

*Cody Warner*
_____
Cody Warner, Esq.
11 Broadway
Suite 615
New York, NY 10004
cody@codywarnercriminaldefense.com
212-627-3184

*Attorney for Plaintiff*